IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MANUEL ROMAN, JIQUELLE KINNARD, and ANTHONY HAYWARD, individually and on behalf of all persons similarly situated,** : : : : : : **Plaintiffs** : : v. : : **PRINCE TELECOM, LLC, COMCAST CORPORATION, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,** : : : : : : : **Defendants** : | **CIVIL ACTION NO. 1:21-CV-693** (Judge Conner) |

# ORDER

AND NOW, this 26th day of January, 2022, upon consideration of the motions (Doc. 27, 29) to compel arbitration by defendants Prince Telecom, LLC ("Prince Telecom"), as well as Comcast Corporation and Comcast Cable Communications Management, LLC (collectively, "Comcast"), wherein Prince Telecom moves the court to compel arbitration for nine of the current plaintiffs based on proffered arbitration agreements appended to its briefing, (see Doc. 28-2), and Comcast moves the court to compel arbitration based on theories of alternative equitable estoppel or its status as a third-party beneficiary of the arbitration agreements, (see Doc. 30 at 1-8), and further upon consideration of plaintiffs' opposition, wherein they submit sworn declarations denying they consented to the arbitration agreements, (see Doc. 32 at 8-13; Docs. 32-3 to 32-11), and wherein they also argue the agreements are

unconscionable and void as a matter of state law, (see Doc. 32 at 13-21), and the court observing that in resolving a motion to compel arbitration, a district court may rely upon either the standards governing motions to dismiss under Rule 12(b)(6) or those governing summary judgment motions under Rule 56, see Guidotti v. Legal Helpers Debt Resolution LLC, 716 F.3d 764, 771-76 (3d Cir. 2013); see also GGNSC Camp Hill W. Shore, LP v. Thompson ex rel. Mullen, No. 1:15-CV-445, 2015 WL 1932330, at *7 (M.D. Pa. Apr. 28, 2015) (Conner, C.J.), and "when it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause," the court should utilize the Rule 12(b)(6) standard without the need for discovery, Guidotti, 716 F.3d at 776, but on the other hand, when "the complaint and its supporting documents are unclear regarding the agreement to arbitrate," or when a plaintiff opposes a motion to compel "with additional facts sufficient to place the agreement to arbitrate in issue," id. at 776, then the "non-movant must be given the opportunity to conduct limited discovery" on arbitrability, id. at 774 (internal quotation marks omitted); see also Horton v. FedChoice Fed. Credit Union, 688 F. App'x 153, 157 (3d Cir. 2017) (nonprecedential) (quoting Guidotti, 716 F.3d at 774), and the court, turning to the matter *sub judice*, observing that plaintiffs bring claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as well as state-law claims, (see generally Doc. 1), and that none of the complaint's factual allegations allude to an arbitration agreement, nor does the complaint rely on an arbitration agreement to state a claim, and it further appearing that the plaintiffs have responded to the motions to compel with additional facts regarding the

validity and enforceability of the arbitration agreements underlying the motions to compel, (see Docs. 32-3 to 32-11; Doc. 33 at 1 n.2, 2 n.3), and the court observing that in either scenario, our court of appeals directs us to allow limited discovery concerning the arbitration agreement's validity and thereafter use a summary judgment standard to assess a renewed motion to compel, see Guidotti, 716 F.3d at 774, 776; Horton, 688 F. App'x at 157; GGNSC, 2015 WL 1932330, at *7, and the court concluding that limited discovery is warranted in this matter to decide the validity and enforceability of Prince Telecom's arbitration agreements, and further concluding that the merits of Comcast's motion to compel also rest on these same arbitration agreements, it is hereby ORDERED that:

1. Prince Telecom's motion (Doc. 27) to compel is DENIED without prejudice pending the period of arbitrability discovery ordered in paragraph 3.

2. Comcast's motion (Doc. 29) to compel is DENIED without prejudice pending the period of arbitrability discovery ordered in paragraph 3.

3. The parties shall have until April 26, 2022 to conduct discovery limited to the validity and enforceability of the arbitration agreements appended to Prince Telecom's motion (Doc. 27) to compel. Prince Telecom and Comcast may renew their motions to compel arbitration on or before May 26, 2022, if warranted. Briefing with respect to said motions shall proceed according to the Local Rules governing motions for summary judgment. See M.D. Pa. L.R. 7.1-7.8.

4. The Clerk of Court is directed to administratively terminate plaintiffs' motion (Doc. 37) for conditional certification and hold it in abeyance pending the period of arbitrability discovery outlined in paragraph 3.

/S/ Christopher C. Conner
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania